1    Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
2    Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
3    Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
4    Beverly Hills, CA 90211
5    Phone: 877-206-4741
Fax: 866-633-0228
6

7    Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
8    Matthew Loker, Esq. (SBN 279939)
ml@kazlg.com
9    KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
10   Santa Ana, California 92705
11   Telephone: (800)400-6808
Facsimile: (800)520-5523
12

13   Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
14   HYDE & SWIGART
411 Camino Del Rio South, Suite 301
15   San Diego, CA 92108-3551
16   Telephone: (619) 233-7770
Facsimile: (619) 297-1022
17

18   *Attorneys for Plaintiffs and all others similarly situated*

19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HIBERT AND ELIZABETH HIBERT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN TREE SERVICING, LLC<br><br>Defendant. | Case No.: **'13CV1364 GPC NLS**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**
-1-

Plaintiffs, James Hibert and Elizabeth Hibert ("Plaintiffs"), on behalf of themselves and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action for themselves and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Green Tree Servicing, LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiffs reside within San Diego County.

## PARTIES

4. Plaintiff, James Hibert ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Plaintiff, Elizabeth ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6. Defendant, Green Tree Servicing, LLC ("Defendant") is a national leader in the home loan servicing and mortgage modification industry and is a "person" as defined by *47 U.S.C. § 153 (10)*.

///
///
///
///

## FACTUAL ALLEGATIONS

7. At some time 2006, Plaintiffs secured a residential home loan for Plaintiffs' personal residence from Countrywide, which was transferred to or otherwise assumed by Bank of America in 2009.

8. On or about May 1, 2012, Bank of America transferred, assigned and/or otherwise sent Plaintiff's home loan to Defendant for servicing purposes.

9. In or around October of 2012, Plaintiffs and Defendant agreed upon monthly payments for said home loan for which Plaintiffs had made all required payments to Defendant for approximately six (6) months.

10. At the conclusion of the sixth monthly payment, Defendant demanded that Plaintiffs begin to pay a larger sum of money on a monthly basis.

11. The sum of money Defendant sought and/or demanded is an amount that Plaintiffs cannot presently afford to pay.

12. Plaintiffs advised Defendant that they cannot afford to pay a larger sum of money to Defendant.

13. Upon receipt of this information, in or around April of 2013, Defendant began to place telephone calls to both Plaintiffs' personal cellular telephones on a virtual daily basis in an attempt to collect additional sums of money for the home loan for which it is servicing.

14. Defendant places its calls to Plaintiff James Hibert's cellular telephone number ending in 2310 and Plaintiffs Elizabeth Hibert's cellular telephone number ending in 2384.

15. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiffs seeking to collect the demanded additional sums of money.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18. On more than one occasion, Plaintiffs spoke with and demanded that Defendant cease placing its calls to Plaintiffs' cellular telephones.

19. Despite receiving this information, Defendant continued to place calls to Plaintiffs, on their cellular telephones, using an "automated telephone dialing system."

20. Plaintiff Elizabeth Hibert has never provided her personal cellular telephone number to either Defendant, Countrywide or Bank of America for any purpose whatsoever. Plaintiff James Hibert, despite providing his cellular telephone number to Bank of America only in 2010, has demanded that Defendant cease calling his cellular telephone. Accordingly, Defendant does not have either Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22. Plaintiffs represent, are members of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23. Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to

Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

25. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time for which Plaintiffs and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

26. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As individuals who received numerous calls from Defendant using an automatic telephone dialing system, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

28. Plaintiffs will fairly and adequately protect the interests of the members of The

1 Class.  Plaintiffs have retained attorneys experienced in the prosecution of class actions.

2  29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

32. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

34. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00  in statutory damages, for

each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

35. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

36. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

38. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

39. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

### FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

///

///

///

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 10th Day of June, 2013.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiffs